I concur both in the judgment and the opinion with respect to appellant's second and third assignments of error. With respect to appellant's first assignment of error, however, I respectfully dissent.
The principal opinion notes that the evidence adduced at trial established that: (1) appellant fired four or five "warning shots," at a distance of two to twenty feet, in an attempt to "break up" a fight between the two victims; (2) appellant testified that he fired the rounds into an embankment (the ground); (3) appellant stated that he did not intend to shoot or to harm anyone; (4) another witness, in contrast to the other witnesses that testified, stated that appellant did not aim at the combatants when he fired the weapon; and (5) each victim received two wounds as a result of appellant's "warning shots." The principal opinion concludes that the evidence, when viewed, as we must, in the light most favorable to appellant, reasonably supports both an acquittal on the murder charge and a conviction on the lesser offense of reckless homicide. Thus, the principal opinion concludes that the trial court erred by refusing to give to the jury the lesser offense instruction for reckless homicide. I disagree.
I believe that a fair assessment of the evidence does not reasonably support an acquittal on the murder charge and a conviction on the reckless homicide charge. I believe that the physical evidence, including appellant's marksmanship in causing four wounds, does not provide an adequate basis for appellant's theory that the four wounds were unintentional and the product of some random and unfortunate act. Thus, I do not believe that the evidence in support of appellant's claim rises to the level necessary to require a jury instruction for reckless homicide.
In State v. McClain (Mar. 30, 1994), Vinton App. No. 482, unreported, we addressed a similar situation and issue. In McClain, the defendant was convicted of felonious assault. He asserted, however, that the trial court erred by failing to instruct the jury on negligent assault. At trial, the defendant testified that he fired weapons over the victim's vehicle at a high angle. The evidence revealed, however, that the defendant fired several rounds directly into the rear of the victim's vehicle and that the defendant rammed the victim's vehicle with his own vehicle. On appeal, we concluded that the trial court did not err by refusing to instruct the jury on negligent assault. We noted that the evidence overwhelmingly established that the defendant acted knowingly, not negligently, and that it would not have been reasonable for a jury to acquit the defendant of felonious assault and convict him of negligent assault. Similarly, in the instant case I believe that the evidence overwhelmingly establishes that appellant acted purposely, not recklessly.
I also believe that the case sub judice is different than those cases that involve suspects who randomly fire weapons and, unfortunately, strike unintended targets. The facts in the instant case reveal that appellant did not fire his weapon in a random fashion. Rather, the evidence reveals that appellant fired his weapon at the combatants.
In short, the overwhelming physical evidence and the testimony adduced at trial belies appellant's theory that he acted recklessly. Rather, the evidence established that appellant purposely caused the victim's death. Thus, after a thorough review of the evidence, I must conclude that the trial court did not err by refusing to give the requested jury instruction.
Accordingly, based upon the foregoing reasons, I would overrule appellant's first assignment of error and affirm the trial court's judgment in toto.